**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

WENDELL DAVID WILLIAMS                                                                                          PLAINTIFF

v.                                                      No. 4:07CV01226 JLH

GARNETT THOMAS EISELE, *et al*.                                                                        DEFENDANTS

**OPINION AND ORDER**

Wendell David Williams has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 contending that he is being held in custody in violation of the Fourth, Fifth, and Sixth Amendments to the Constitution of the United States. Williams is serving a sentence imposed in Case No. 4:04CR00011-01 GTE. He has named as defendants the Honorable G. Thomas Eisele, the judge who sentenced him; Todd Newton, a former Assistant United States Attorney who prosecuted him; Jeffrey Thomas,[1] whom he does not identify; and the United States of America.

The court file in Case No. 4:04CR00011-01 shows that Williams was indicted in the Eastern District of Missouri in a one-count indictment charging him with persuading a minor female to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which traveled in interstate commerce, in violation of 18 U.S.C. § 2251(a). Williams was also indicted in this district in Case No. 4:03CR00122 on two counts of interstate transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1), one count of possession of child pornography that had been transported in interstate commerce in violation of 18 U.S.C. § 2255A(a)(5)(B), and two counts of transporting a minor in interstate commerce for the purpose of engaging in a sexual

---

[1] Until recently, the Warden at FCI-Safford, where Williams is incarcerated, was named Jeffrey Thomas, so the Court will assume that Williams intends to name the warden of that institution.

act in violation of 18 U.S.C. § 2243.  With Williams's consent, the prosecution in the Eastern District of Missouri case was transferred to this district for a plea of guilty and sentencing pursuant to Rule 20 of the Federal Rules of Criminal Procedure.  Williams then entered into a plea agreement pursuant to which he agreed to enter a plea of guilty to the production of child pornography in violation of 18 U.S.C. § 2251(a).  Upon entry of his guilty plea, the United States moved to dismiss the indictment that was returned by the grand jury in this district, and that motion was granted.  On June 1, 2004, Williams was committed to the custody of the Bureau of Prisons for a term of 120 months with supervised release of three years to follow.

Williams has now filed this petition for writ of habeas corpus contending that the Court lacked territorial jurisdiction, subject matter jurisdiction, or standing.  He also alleges that the indictment failed to state the nature and cause of the accusation.  He asserts that the indictment, plea agreement, orders, and judgment are null and void.  He asserts that there are fatal defects in the government's charging instrument and that the government failed to establish proof of evidence of jurisdiction or ownership of the location in which the alleged criminal activity took place.

Although Williams cited 28 U.S.C. § 2241 in his petition, the petition is governed by § 2255 unless the remedy under that section "is inadequate or ineffective to test the legality of his conviction." 28 U.S.C. § 2255(e).  Williams does not allege nor does it appear that the remedy under § 2255 is inadequate.

Pursuant to Rule 4(b) of the Rules Governing § 2255 Cases, the Court has examined the motion, the attached exhibits, and the record of prior proceedings, and the Court has concluded that it plainly appears that Williams is not entitled to relief.

Section 2255 of Title 28 provides a one year period of limitation for actions brought by prisoners in federal custody who allege that their sentence was imposed in violation of the

Constitution or laws of the United States or that the Court was without jurisdiction to impose the sentence. The judgment and commitment order by which Williams was sentenced was entered on June 1, 2004. Williams did not appeal that judgment and commitment order. He filed his petition for writ of habeas corpus on December 27, 2007, which is three and one-half years after entry of the judgment and commitment order. Therefore, Williams's petition is barred by the statute of limitations. The fact that Williams's petition is barred by limitations does not make the remedy under § 2255 inadequate. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).

Moreover, Williams's argument that the Court lacks jurisdiction and that the orders of the Court were null and void is without merit. Williams consented to the transfer of the case filed in the Eastern District of Missouri to this district pursuant to Rule 20 of the Federal Rules of Criminal Procedure. Had Williams not done so, the case would have remained in the Eastern District of Missouri.

In pleading guilty, a defendant admits all of the factual allegations in the indictment. *O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir. 1988). A defendant who pleads guilty waives all challenges that do not relate to jurisdiction. *Id*. To establish a jurisdictional defect, the defendant must show that the indictment on its face fails to state an offense. *Id*. Williams cannot make that showing. The indictment alleges all the facts necessary to establish a violation of 18 U.S.C. § 2251(a). Williams argues at some length that Congress was not in session on June 20, 1948, and that Congress cannot enact a law when it is not in session. However, 18 U.S.C. § 2251 was initially enacted in 1977, not in 1948. Pub. L. No. 95-225, § 2(a), 92 Stat. 7 (codified as amended at 18 U.S.C. § 2251 (Supp. III 2000)). Williams also argues that there are no regulations implementing 18 U.S.C. § 2251, but criminal statutes need no regulations implementing them. All of Williams's arguments are without merit.

For all of these reasons, the petition by Williams is without merit and is hereby dismissed.

IT IS SO ORDERED this 6th day of March, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE